```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

| | |
|---|---|
| **WILLIE LEE JEFFERIES,** | ) |
| | ) |
|     **Movant,** | ) |
| | ) |
| **v.** | )   No. 2:16-cv-02112-SHM |
| | )   No. 2:07-cr-20380-SHM |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|     **Respondent.** | ) |

## ORDER

Before the Court is Movant Willie Lee Jefferies's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed on February 19, 2016. (ECF No. 1.) Jefferies challenges his sentence in Criminal Case No. 07-20380. The government responded on December 12, 2016. (ECF No. 11.)

Also before the Court are Jefferies's two Motions Requesting Expedited Ruling (ECF Nos. 14, 15) and Motion to Supplement (ECF No. 7).

For the following reasons, Jefferies's Motion to Supplement is GRANTED. Jefferies's § 2255 Motion is DENIED, and his Motions Requesting Expedited Ruling are DENIED AS MOOT.

## I. Background

On October 20, 2008, Jefferies pled guilty to two counts of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). (Cr. ECF No. 42; ECF No. 44.)[1] At Jefferies's sentencing on January 23, 2009, the Court determined that Jefferies was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA"). (Presentence Investigation Report ("PSR") ¶ 21.) Jefferies had ten prior ACCA-predicate convictions: (1) Tennessee Shooting a Missile Calculated to Produce Death or Great Bodily Harm into an Occupied Dwelling in 1980; (2) Tennessee Assault to Murder in 1980; (3) Tennessee Shooting a Missile Calculated to Produce Death or Great Bodily Harm into an Occupied Dwelling in 1984; (4) Tennessee Attempt to Commit a Felony: Aggravated Assault in 1984; (5) Tennessee Larceny From a Person in 1988; (6) Tennessee Aggravated Assault in 1990; (7) Tennessee Criminal Attempt: Kidnapping in 1993; (8) Tennessee Aggravated Assault in 1995; (9) Tennessee Aggravated Assault in 1997; and (10) Tennessee Criminal Attempt: Aggravated Assault in 2005. (PSR ¶¶ 24, 25, 28, 30, 41, 45, 46, 49, 50, 55.) On January 23, 2009, the Court sentenced Jefferies to 188 months in prison. (Cr. ECF No. 47.) There was no direct appeal.

---

[1] Citations to (Cr. ECF at ##) refer to the criminal case United States v. Jefferies, No. 2:07-cr-20380-SHM (W.D. Tenn.).

On February 19, 2016, Jefferies filed this *pro se* § 2255 Motion. (ECF No. 1.) Relying on Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual clause of the ACCA as unconstitutionally vague, Jefferies argues that he should not have been sentenced as an armed career criminal. (Id. at 4-5.)[2] Jefferies asks the Court to set aside his judgment and resentence him. (Id. at 14.)

On August 25, 2016, Jefferies filed his Motion to Supplement. (ECF No. 7.) The Motion to Supplement restates the arguments in Jefferies's § 2255 Motion. The Motion to Supplement is GRANTED.

On August 17, 2017, Jefferies filed a Motion Requesting Expedited Ruling. (ECF No. 14.) On March 1, 2018, Jefferies filed a second Motion Requesting Expedited Ruling. (ECF No. 15.)

**II. Timeliness**

Jefferies challenges his sentence based on Johnson, which provides a new rule of constitutional law made retroactively applicable to cases on collateral review. Johnson, 135 S. Ct. at 2563; Welch v. United States, 136 S. Ct. 1257, 1268 (2016). Jefferies's § 2255 Motion alleges constitutional error that resulted in a sentence that now exceeds the statutory limits ap-

---

[2] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

plicable to his offense. Johnson was decided on June 26, 2015. Jefferies filed his § 2255 Motion on February 19, 2016. (ECF No. 1.) Jefferies filed his Motion within one year of Johnson. Jefferies' § 2255 Motion is timely. See 28 U.S.C. § 2255(f)(3).

**III. Analysis**

In Johnson, the Supreme Court held that a sentence imposed under the residual clause of the ACCA violates due process. 135 S. Ct. at 2563. In his § 2255 Motion, Jefferies argues that his "Aggravated Assault convictions do not qualify as Predicates for the purpose of ACCA enhancement." (ECF No. 1 at 4.) Jefferies contends that he should be resentenced because, after Johnson, he no longer has at least three prior ACCA-predicate convictions and, therefore, is no longer an armed career criminal. (Id. at 14.)

> **A. 1980 Tennessee Shooting a Missile Calculated to Produce Death or Great Bodily Harm into an Occupied Dwelling, 1980 Tennessee Assault to Murder, 1984 Tennessee Shooting a Missile Calculated to Produce Death or Great Bodily Harm into an Occupied Dwelling, and 1988 Tennessee Larceny From a Person**

The Government concedes that, although "[Jefferies] has not challenged any of his non-aggravated assault convictions," four of his prior convictions no longer qualify as violent felonies under the ACCA. (ECF No. 11 at 35.) Jefferies's 1980 conviction for Tennessee Shooting a Missile Calculated to Produce Death or Great Bodily Harm into an Occupied Dwelling, 1980 con-

4

viction for Tennessee Assault to Murder, 1984 conviction for Tennessee Shooting a Missile Calculated to Produce Death or Great Bodily Harm into an Occupied Dwelling, and 1988 conviction for Tennessee Larceny From a Person are no longer violent felonies under the ACCA.

**B. 1990 Tennessee Aggravated Assault and 1997 Tennessee Aggravated Assault**

Jefferies contends that "his prior [Tennessee] convictions for Aggravated Assault no longer qualify as predicates for the ACCA, because the Residual Clause has been ruled unconstitutionally vague." (ECF No. 1 at 4.) The Government argues that both convictions remain violent felonies after Johnson because the Shepard documents demonstrate that neither conviction falls under the residual clause. (ECF No. 11 at 42, 50.)

"When determining which crimes fall within . . . the violent felony provision" of the ACCA, "federal courts use the categorical approach." United States v. Covington, 738 F.3d 759, 762 (6th Cir. 2013) (quotation marks omitted); see also Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). Using that approach, courts "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990).

5

"[T]here are two steps in applying the categorical approach to determine whether a prior conviction constitutes . . . a violent felony under the ACCA." Covington, 738 F.3d at 763. "First, a court must ask whether the statute at issue is divisible by determining if the statute lists 'alternative elements.'" Id. (quoting Descamps v. United States, 133 S. Ct. 2276, 2293 (2013)). "[A] divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Descamps, 133 S. Ct. at 2283.

If a statute is divisible, meaning that it "comprises multiple, alternative versions of the crime," a court uses a "modified categorical approach" and may "examine a limited class of documents," such as the indictment and jury instructions, "to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." Id. at 2283-84. "Where the defendant has pled guilty, these so-called Shepard documents may include the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" United States v. Denson, 728 F.3d 603, 608 (6th Cir. 2013) (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)). "[T]he question is whether the court documents establish that the defendant necessarily admitted the elements of a predicate

offense through his plea." United States v. McMurray, 653 F.3d 367, 377 (6th Cir. 2011) (quotation marks omitted).

After having determined which of a statute's alternative elements formed the basis of the defendant's prior conviction, the second step in the categorical approach requires the court to "ask whether the offense the statute describes, as a category, is a [violent felony]." Covington, 738 F.3d at 763.

In 1990 and 1997, Jefferies was convicted under Tenn. Code Ann. § 39-13-102. (ECF No. 11-3 at 68; ECF No. 11-6 at 83.) "[Section] 39-13-102 is divisible." United States v. Cooper, 739 F.3d 873, 880 n.2 (6th Cir. 2014).[3] The Court must look to the Shepard documents to determine which of § 39-13-102's alternative elements formed the basis of Jefferies's convictions. See Descamps, 133 S. Ct. at 2283-84.

Jefferies's indictment for the 1990 Aggravated Assault conviction demonstrates that he was convicted under § 39-13-102(a)(1)(B). A Tennessee grand jury charged that Jefferies "did unlawfully and intentionally by use of a deadly weapon . . . cause bodily injury to Sharon Covington." (ECF No. 11-3 at 68 (emphasis added).) Jefferies pled guilty to the charged offense. (Id. at 67.)

---

[3] The version of Tenn. Code Ann. § 39-13-102 analyzed in United States v. Cooper, 739 F.3d 873, 880-81 (6th Cir. 2014) is substantively the same as the iteration of the statute under which Jefferies was convicted.

7

Having confirmed that Jefferies was convicted under § 39-13-102(a)(1)(B), the Court must determine whether an aggravated assault under that provision, as a category, is a violent felony. See Covington, 738 F.3d at 763. The Sixth Circuit has held that violation of subsection (a)(1)(B) of the statute is a violent felony. Braden v. United States, 817 F.3d 926, 933 (6th Cir. 2016).[4] Jefferies's 1990 Tennessee Aggravated Assault conviction is a violent felony under the ACCA.

Jefferies's indictment for the 1997 Aggravated Assault conviction demonstrates that he was convicted under § 39-13-102(a)(1)(A). A Tennessee grand jury charged that Jefferies "did unlawfully and intentionally commit an assault on Ernest Mitchell and cause serious bodily injury to the said Ernest Mitchell." (ECF No. 11-6 at 83 (emphasis added).) Jefferies pled guilty to the charged offense. (Id. at 82.)

The Sixth Circuit has held that violation of subsection (a)(1)(A) of the statute is a violent felony. Campbell v. United States, No. 16-5288, 2017 WL 4046379, at * 2 (6th Cir. Mar. 22, 2017).[5] Jefferies's 1997 Tennessee Aggravated Assault conviction is a violent felony under the ACCA.

---

[4] The version of Tenn. Code Ann. § 39-13-102(a)(1)(B) analyzed in Braden v. United States, 817 F.3d 926, 933 (6th Cir. 2016) is substantively the same as the iteration of the statute under which Jefferies was convicted.

[5] The version of Tenn. Code Ann. § 39-13-102(a)(1)(A) analyzed in Campbell v. United States, No. 16-5288, 2017 WL 4046379, at *2 (6th Cir. Mar. 22, 2017) is substantively the same as the iteration of the statute under which Jefferies was convicted.

8

### C. 1984 Tennessee Attempt to Commit a Felony: Aggravated Assault

Jefferies was convicted under Tenn. Code Ann. § 39-2-101 (1982). (ECF No. 11-2 at 64.) Under that version of the statute:

> (b) A person is guilty of the offense of aggravated assault . . . if such person:
>
> > (1) Attempts to cause or causes serious bodily injury to another willfully, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
> >
> > (2) Attempts to cause or willfully or knowingly causes bodily injury to another with a deadly weapon;
> >
> > (3) Assaults another while displaying a deadly weapon or while the victim knows such person has a deadly weapon in his possession;
> >
> > (4) Being the parent or custodian of a child or the custodian of an adult, willfully or knowingly fails or refuses to protect such child or adult from an aggravated assault described in subdivisions (b)(l), (2), or (3); or
> >
> > (5) After having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit a battery against an individual or individuals, attempts to cause or causes bodily injury or commits or attempts to commit a battery against such individual or individuals.

Tenn. Code Ann. § 39-2-101 (1982).

Four district courts in this circuit have considered the divisibility of § 39-2-101 (1982). All four have concluded that the statute is divisible because each numbered subsection sets forth an alternative way of committing the crime of aggravated assault. See Harper v. United States, No. 2:15-02464, 2017 WL 6622562, at *4 (W.D. Tenn. Dec. 28, 2017); Drake v. United States, No. 3:16-cv-01427, 2017 WL 4805204, at *4 (M.D. Tenn. Oct. 24, 2017); Hadaway v. United States, No. 2:05-cr-98-jrg-1, 2017 WL 1393739, at *5 (E.D. Tenn. Apr. 18, 2017); Clemons v. United States, No. 2:11-cv-03140, 2017 WL 1030725, at *18 (W.D. Tenn. March 15, 2017). The Court is persuaded that § 39-2-101 is divisible.

The Court looks to the Shepard documents to determine which of § 39-2-101's alternative elements formed the basis of Jefferies's conviction. See Descamps, 133 S. Ct. at 2283-84. Jefferies's indictment for the 1984 Tennessee Attempt to Commit a Felony: Aggravated Assault conviction demonstrates that he was convicted under § 39-2-101(b)(2). A Tennessee grand jury charged that Jefferies "did unlawfully, feloniously and [willfully] attempt to cause bodily injury to PAULINE MINOR, with a deadly weapon, to-wit, a pistol." (ECF No. 11-2 at 64.) Jef-

10

feries pled guilty to attempting the charged offense.[6]  (Id. at 65.)

Attempting to cause, or willfully or knowingly causing, bodily injury to another with a deadly weapon under § 39-2-101(b)(2) is a violent felony under the ACCA because it has "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); see Hadaway, 2017 WL 1393739, at *7 (finding that a conviction under § 39-2-101(b)(2) qualifies as violent felony under the ACCA's "use-of-force" clause "because [it] invariably require[s] an intentional and knowing use or threatened use of violent force, i.e., force capable of causing physical pain or injury"); Clemons, 2017 WL 1030725, at *20 (finding that a conviction under § 39-2-101(b)(2) qualifies as a violent felony under the ACCA's "use-of-force" clause because "[o]ne cannot violate section 39-2-101(b)(2) without using or attempting to use physical force against another"); see also Drake, 2017 WL 4805204, at *6 ("The court is persuaded that a violation of Section 39-2-101(b)(2) is a 'violent felony' under the ACCA's 'use-of-force' clause."). Jefferies's 1984 Tennessee Attempt to Commit a Felony: Aggravated Assault conviction is a violent felony under the ACCA.

---

[6] That Jefferies pled to attempted aggravated assault does not affect whether the conviction qualifies as a violent felony. Violent felonies include attempts under 18 U.S.C. § 924(e)(2)(B)(i).

11

Jefferies has three convictions that qualify as ACCA predicate offenses.[7] The ACCA was properly applied. Jefferies's § 2255 Motion is DENIED.

This Order resolves the issues presented in Jefferies's § 2255 Motion. Jefferies's Motions Requesting Expedited Ruling are DENIED AS MOOT.

**IV. Appealability**

Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must state the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537

---

[7] Because Jefferies's has three qualifying convictions, the Court need not consider whether Jefferies's convictions for Tennessee Criminal Attempt: Kidnapping in 1993, Tennessee Aggravated Assault in 1995, or Tennessee Criminal Attempt: Aggravated Assault in 2005 qualify as violent felonies.

12

U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

Jefferies is not entitled to relief under Johnson. He cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in for-

ma pauperis, a prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

Because Jefferies is clearly not entitled to relief, the Court has denied a certificate of appealability. It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[8]

**V.  Conclusion**

For the foregoing reasons, Jefferies's Motion to Supplement is GRANTED. Jefferies's § 2255 Motion is DENIED, and his Motions Requesting Expedited Ruling are DENIED AS MOOT.

So ordered this 1st day of June, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[8] If Jefferies files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.